ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

NOV 19 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | INDICTMENT NUMBER |
| MAURICE FAYNE, *a/k/a ARKANSAS MO* | 1:20-CR-228-MHC-JKL |
| DANIEL ERIC JAY | (SECOND SUPERSEDING) |
| MICHAEL D. SARGENT | |
| MARK T. SARGENT | |

**THE GRAND JURY CHARGES THAT:**

**COUNT 1**
**CONSPIRACY TO COMMIT WIRE FRAUD**

1. From in or about March 2013 through in or about May 2020, in the Northern

District of Georgia and elsewhere, the Defendants,

**Maurice Fayne, *a/k/a Arkansas Mo*,**
**Daniel Eric Jay,**
**Michael D. Sargent, and**
**Mark T. Sargent,**

did knowingly and willfully combine, conspire, confederate, agree, and have a

tacit understanding with each other and with others known and unknown to the

Grand Jury to devise and intend to devise a scheme and artifice to defraud

investors in Defendant Fayne's trucking company, and for obtaining money from

those investors by means of materially false and fraudulent pretenses,

representations, and promises, and by the omission of material facts, in violation

of Title 18, United States Code, Section 1343.

2.     At all times relevant to this Indictment, Defendant Fayne operated a small, unprofitable trucking company. He frequently changed the name of the company and its address in an effort to avoid the IRS and other creditors and to stay one step ahead of the government agencies that regulated the trucking industry.

3.     A mutual friend named D.B. introduced Defendant Fayne to the other Defendants when they all lived in Texas. Defendant Fayne later moved to Georgia, and Defendant Jay moved to Pennsylvania. Defendants Michael D. Sargent and Mark T. Sargent—who are twins—remained in Texas.

## OBJECT OF THE CONSPIRACY

4.     The object of the conspiracy was for the Defendants to pay their own debts and expenses by taking money from others under false pretenses.

## MANNER AND MEANS

5.     To accomplish the unlawful object of the conspiracy:

(a)     Defendant Fayne asked the other Defendants to help him recruit people to invest in his trucking company. The other Defendants agreed.

(b)     During the course of the conspiracy, the Defendants caused more than 20 people to invest money in Defendant Fayne's trucking company. The Defendants targeted their own friends and family members. The Sargent brothers also targeted women that they met through online dating sites, such as Match.com and Plenty of Fish (POF.com).

(c)     The Defendants took money from investors by cash, check, electronic payment, credit card, debit card, and wire transfer.

(d)     The Defendants fraudulently led investors to believe that Defendant Fayne's trucking company was capable of generating enormous profits for investors when, as the Defendants knew and had reason to know, that was not true.

(e)     The Defendants also misled investors by providing them with fraudulent documents.

(f)     In addition, Defendant Fayne provided and caused others to provide false and misleading information to various government agencies—including the Arkansas Secretary of State, the United States Department of Transportation, and the Federal Motor Carrier Safety Administration— knowing and having reason to know that the information would be viewed online by investors and others who were checking up on his trucking company.

(g)     Also, the Defendants told investors a variety of lies. For example, the Defendants fraudulently overstated the number of trucks and drivers that Defendant Fayne's trucking company actually had.

(h)     The Defendants also falsely told investors that Defendant Fayne's trucking company was on the verge of obtaining a multi-million-dollar contract with

Walmart. Defendant Jay and the Sargent brothers claimed to be Defendant Fayne's partners in the alleged deal.

(i)    The Defendants falsely claimed that Walmart was ready to sign the contract as soon as Defendant Fayne's trucking company paid a particular bill—a bill that, in truth, did not exist. The Defendants asked investors for money to pay the fictional bill and promised to repay the investors in full, with a generous amount of interest, as soon as the contract was signed. Within a short time after that, the Defendants would go back to the investors and ask for money to pay another nonexistent bill, which the Defendants would falsely say had to be paid to prevent the alleged deal from falling apart. The investors would usually find a way to come up with the additional money because they were afraid of losing everything they had invested up to that point. That cycle repeated itself—time after time after time—until the investors either ran out of money or simply refused to turn over any more money because they finally realized that they had been conned.

(j)    The Defendants falsely claimed that a senior Walmart executive named M.B. had invested a large amount of his own money in Defendant Fayne's trucking company and was helping the Defendants secure the contract. The Defendants even pretended that M.B. was providing them with "insider" information concerning the status of the contract approval process.

(k)     Furthermore, the Defendants sent investors phony text messages from someone posing as M.B. and someone posing as T.M., a nonexistent Walmart insider. In addition, Defendant Fayne disguised his voice and posed as M.B. and T.M. in phone conversations with investors.

(l)     M.B. is, in fact, a real person and really was a senior executive at Walmart. But neither M.B. nor any other Walmart executive ever invested in Defendant Fayne's trucking company. And the Defendants never even talked to the M.B. who worked at Walmart.

(m)     To prevent investors from discovering the truth about the phony Walmart deal, the Defendants told investors not to contact Walmart directly. The Defendants falsely claimed that secrecy was necessary because Walmart would cancel the contract if it found out that one of its executives had invested in Defendant Fayne's trucking company.

(n)     During the course of the conspiracy, the Defendants acknowledged that they were participating in an illegal scheme to defraud investors. For example:

- On or about November 6, 2017, Defendant Jay told Defendant Mike Sargent that an investor was "questioning whether he'll get payback because the deal doesn't seem real."

- On or about June 20, 2018, Defendant Mark Sargent told D.B., "There is NO Walmart . . . Same scam every few days. . . . Just steel [sic] more an[d] more money. It's conspiracy, Money laundering, Wire fraud.!!!! God know what else the feds are going to charge all of us with.!!!! Because there is no Walmart deal.!!!!"

- Also on or about June 20, 2018, Defendant Mark Sargent sent a text message to Defendant Mike Sargent, attaching a screenshot of a bank record showing that Defendant Fayne had used investor money to pay personal his expenses. In that same text message, Defendant Mark Sargent also told his brother that Defendant Fayne "flys everywhere on the money you steel" [sic]. Defendant Mike Sargent responded, "Yes I saw it."

- On or about February 13, 2019, Defendant Jay told Defendant Fayne, "I don't know if [investor L.W.] is bluffing but I don't think we need attorneys calling" Walmart's legal department.

(o)   Not all investors were told that the company offering the contract was Walmart. Some were told that it was Amazon or UPS. But Defendant Fayne's trucking company did not have a contract with Amazon or UPS either.

(p)   The Defendants falsely told investors that one of Defendant Fayne's bank accounts had millions of dollars in it, and they falsely claimed that the IRS had temporarily frozen the account. To further that illusion, the Defendants sent investors a fraudulently altered bank record, which overstated the amount of money in the account. The Defendants then convinced investors to pay expenses related to Defendant Fayne's trucking company, promising them that they would be repaid with interest as soon as the account was unfrozen.

(q)     Defendant Fayne falsely told investor B.A. that Defendant Mike Sargent

had purchased 40 trucks for Defendant Fayne's trucking company.

(r)     The Defendants falsely promised other investors that their investment

proceeds would be used to purchase new trucks for Defendant Fayne's

trucking company and that they would receive a steady income stream from

the profits generated by those trucks. In an attempt to make Defendant

Fayne's trucking company appear legitimate, and to lull investors into a

false sense of security and delay or prevent their complaints to law

enforcement, the Defendants paid "make-believe" profits to a few of these

investors—using the investors' own money.

(s)     But most investors never received any of their investment proceeds back,

much less the huge profits that they were promised.

(t)     Instead, the Defendants used most of the investors' money to pay their own

personal debts and expenses and to fund a lifestyle for themselves that they

otherwise could not have afforded. Defendant Fayne—the organizer and

leader of the fraudulent scheme—kept the majority of the fraud proceeds

for himself. And during the course of the conspiracy, Defendant Fayne

transferred more than $5 million to the Choctaw Casino and Resort to cover

his personal gambling and entertainment expenses.

All in violation of Title 18, United States Code, Section 1349.

COUNTS 2-4
WIRE FRAUD

6.  The facts alleged in paragraphs 2 through 5, including all subparts, are

incorporated here.

7.  On or about each of the dates set forth below, in the Northern District of Georgia

and elsewhere, the Defendants,

**Maurice Fayne, *a/k/a Arkansas Mo*,**
**Daniel Eric Jay,**
**Michael D. Sargent, and**
**Mark T. Sargent,**

aided and abetted by each other and by others known and unknown to the Grand

Jury, having devised and intending to devise a scheme and artifice to defraud

investors in Defendant Fayne's trucking company, and for obtaining money from

those investors by means of materially false and fraudulent pretenses,

representations, and promises, and by the omission of material facts, transmitted

and caused to be transmitted by means of wire communication in interstate

commerce, the following writings, signs, signals, pictures, and sounds for the

purpose of executing such scheme and artifice:

| Count | Date | Description |
|-------|------|-------------|
| 2 | 04-23-20 | $175,000 wire transfer from United Community Bank account #1408, held in the name of Flame Trucking Inc., to Navy Federal Credit Union account #6082, held in the name of T.V. |

| Count | Date | Description |
|-------|------|-------------|
| 3 | 04-24-20 | $30,000 wire transfer from United Community Bank account #1408, held in the name of Flame Trucking Inc., to JPMorgan Chase Bank, NA account #0180, held in the name of Daniel E. Jay |
| 4 | 05-01-20 | $25,000 wire transfer from United Community Bank account #1408, held in the name of Flame Trucking Inc., to Bank of America, N.A., account #2851, held in the name of Michael Sargent |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## COUNT 5
### BANK FRAUD

8.  From in or about April 2020 through in or about May 2020, in the Northern

District of Georgia and elsewhere, the Defendants,

**Maurice Fayne,** *a/k/a Arkansas Mo,* **and**
**Daniel Eric Jay,**

aided and abetted by each other and by others known and unknown to the Grand

Jury, participated in a scheme and artifice to defraud United Community Bank, a

financial institution as defined in Title 18, United States Code, Section 20, and to

obtain moneys and funds owned by and under the custody and control of United

Community Bank, by means of materially false and fraudulent pretenses,

representations, and promises, and by the omission of material facts ("the bank

fraud scheme").

9.  At all times material to the bank fraud scheme, Defendant Fayne was the sole

owner of a Georgia corporation called Flame Trucking Inc.

10.  United Community Bank participated as a lender in the Paycheck Protection Program (PPP), a loan program created by the United States Small Business Administration to help small businesses pay payroll costs, including benefits; interest on mortgages; rent; and utilities during the COVID-19 pandemic.

11.  On or about March 29, 2020, Defendant Jay suggested to Defendant Fayne that Defendant Fayne obtain a PPP loan under false pretenses and use the loan proceeds for an illegal purpose, namely, to make payments related to the wire fraud conspiracy described in Count 1 of this Indictment. Defendant Jay later said to Defendant Fayne: "[I]f we can somehow justify 100+ drivers on 1099 for Flame we have something[.]" Defendant Jay then helped Defendant Fayne create fraudulent documents to support a PPP loan application.

12.  On or about April 15, 2020, for the purpose of executing and attempting to execute the bank fraud scheme, Defendant Fayne signed and submitted to United Community Bank a PPP loan application in the name of Flame Trucking Inc., which requested a loan in the amount of $3,725,500, and which falsely represented that Flame Trucking Inc. had 107 employees and an average monthly payroll of $1,490,200.

13.  After the loan was funded, Defendant Jay admitted to E.B. that he had falsified bank statements to help Defendant Fayne get the loan. Defendant Jay also admitted to E.B. that he had made up a list of fake names of people who were

allegedly employed by Flame Trucking Inc., and that Defendant Fayne had

submitted that list to United Community Bank in connection with the loan.

All in violation of Title 18, United States Code, Section 1344 and Section 2.

## COUNT 6
### FALSE STATEMENT TO A FINANCIAL INSTITUTION INSURED BY THE FDIC

14.    The facts alleged in paragraphs 9 and 10 are incorporated here.

15.    On or about April 24, 2020, in the Northern District of Georgia and elsewhere, the

Defendant,

### Maurice Fayne, *a/k/a Arkansas Mo*,

aided and abetted by others known and unknown to the Grand Jury, knowingly

made a false statement for the purpose of influencing the action of United

Community Bank, an institution the accounts of which were insured by the

Federal Deposit Insurance Corporation, in connection with Flame Trucking's PPP

loan application, when he sent an email to United Community Bank, attaching

what he represented to be October, November, and December 2019 bank

statements for Flame Trucking's account at Arvest Bank, when in truth and in

fact—as Defendant Fayne knew—those bank statements were phony, because

Arvest Bank had shut down Flame Trucking's account in September 2019.

All in violation of Title 18, United States Code, Section 1014 and Section 2.

## COUNTS 7-16
## CONCEALMENT MONEY LAUNDERING

16.     The facts alleged in paragraphs 2 through 5, including all subparts, are

        incorporated here.

17.     It is also relevant to the Indictment that:

        (a)     In Flame Trucking's PPP loan application, Defendant Fayne certified that

                the loan proceeds would be used to "retain workers and maintain payroll or

                make mortgage interest payments, lease payments, and utility payments, as

                specified under the Paycheck Protection Program Rule."

        (b)     In Flame Trucking's PPP loan application, Defendant Fayne acknowledged

                that he could be prosecuted for fraud if the PPP loan proceeds were

                "knowingly used for unauthorized purposes."

        (c)     Defendant Fayne knowingly used the PPP loan proceeds for unauthorized

                purposes, including the following:

                • making payments related to the wire fraud conspiracy described in
                  Count 1 of this Indictment;

                • paying restitution;

                • purchasing jewelry;

                • paying child support; and

                • leasing a Rolls-Royce.

        (d)     In or around mid-March 2020, Defendant Fayne contacted one of the

                recruiters involved in the wire fraud conspiracy, T.V., and stated that he was

                in the process of obtaining a PPP loan. Defendant Fayne stated that he

planned to use some of the PPP loan proceeds to make payments related to the wire fraud conspiracy.

(e) On or about April 22, 2020, United Community Bank transferred the PPP loan proceeds to United Community Bank account #1408, held in the name of Flame Trucking and controlled by Defendant Fayne.

(f) On or about April 23, 2020, Defendant Fayne wire transferred $175,000 in PPP loan proceeds to T.V., as described in Count 2 of this Indictment, and Defendant Fayne instructed T.V. to use that money to conduct certain financial transactions on his behalf, including those described in Counts 7 and 8 of this Indictment.

18. On or about each date set forth below, in the Northern District of Georgia and elsewhere, the Defendant,

**Maurice Fayne, *a/k/a Arkansas Mo*,**

aided and abetted by others known and unknown to the Grand Jury, knowingly conducted and attempted to conduct a financial transaction affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and while conducting and attempting to conduct such financial

transaction knowing that the property involved in the financial transaction

represented the proceeds of some form of unlawful activity:

| Count | Date | Description |
|---|---|---|
| 7 | 04-23-20 | Defendant Fayne caused $60,000 in PPP loan proceeds to be wire transferred from Navy Federal Credit Union, account #6082, held in the name of T.V., to Sterling National Bank account #5233, held in the name of Lucky Star Licensing. |
| 8 | 04-23-20 | Defendant Fayne caused $60,000 in PPP loan proceeds to be wire transferred from Navy Federal Credit Union, account #6082, held in the name of T.V., to JPMorgan Chase Bank account #1572, held in the name of Sonoran HomeWatch LLC. |
| 9 | 04-24-20 | Defendant Fayne caused $75,000 in PPP loan proceeds to be wire transferred from United Community Bank account #1408, held in the name of Flame Trucking Inc., to Regions Bank account #5081, held in the name of J.S. |
| 10 | 04-27-20 | Defendant Fayne caused J.S. to purchase a $50,000 cashier's check payable to the DeSha County (Arkansas) Sheriff's Office, to pay restitution owed by Defendant Fayne. |
| 11 | 04-23-20 | Defendant Fayne caused $350,000 in PPP loan proceeds to be wire transferred from United Community Bank account #1408, held in the name of Flame Trucking Inc., to Wells Fargo Bank, NA account #0467, held in the name of C.W. |
| 12 | 04-28-20 | Defendant Fayne caused $84,000 in PPP loan proceeds to be wire transferred from Wells Fargo Bank, NA account #0467, held in the name of C.W., to Bank of America, New York, NY account #9593, held in the name of Status Jewelers, to purchase three pieces of jewelry for Defendant Fayne. |
| 13 | 04-30-20 | Defendant Fayne caused $40,000 in PPP loan proceeds to be wire transferred from Wells Fargo Bank, NA account #0467, held in the name of C.W., to Arkansas Federal Credit Union account #5028, held in the name of S.T., to pay child support owed by Defendant Fayne. |
| 14 | 04-28-20 | Defendant Fayne caused $90,000 in PPP loan proceeds to be wire transferred from United Community Bank account #1408, held in the name of Flame Trucking Inc., to Navy Federal Credit Union account #0090, held in the name of Maurice Fayne. |

| Count | Date | Description |
|---|---|---|
| 15 | 04-30-20 | Defendant Fayne caused $142,000 in PPP loan proceeds to be wire transferred from United Community Bank account #1408, held in the name of Flame Trucking Inc., to Navy Federal Credit Union account #0090, held in the name of Maurice Fayne. |
| 16 | 05-01-20 | Defendant Fayne caused $136,000 in PPP loan proceeds to be wire transferred from Navy Federal Credit Union account #0090, held in the name of Maurice Fayne, to M & T Bank account #4612, held in the name of Luxury Lease Company, as a down payment on the lease of a 2019 Rolls-Royce Wraith, VIN SCA665C53KUX87297. |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and Section 2.

## COUNTS 17-19
### TRANSACTIONAL MONEY LAUNDERING

19. The facts alleged in paragraphs 2 through 5, including all subparts, are incorporated here.

20. It is also relevant to the Indictment that:

   (a) On or about April 22, 2020, C.W. created an Arkansas limited liability company called C.R. Wilkins Trucking, LLC.

   (b) The next day, on or about April 23, 2020—on behalf of C.R. Wilkins Trucking, LLC—C.W. signed a contract to purchase eight Kenworth T-680 trucks from TransAm Trucking, for a total of $368,000.

   (c) Also on or about April 23, 2020—on behalf of C.R. Wilkins Trucking, LLC—C.W. signed a contract to purchase six refrigerated trailers from Great Dane, LLC, for a total of $189,000.

21.     On or about each date set forth below, in the Northern District of Georgia and elsewhere, the Defendant,

**Maurice Fayne,** *a/k/a Arkansas Mo*,

aided and abetted by others known and unknown to the Grand Jury, knowingly engaged in, attempted to engage in, and caused others to engage in a monetary transaction by, through, and to a financial institution, affecting interstate commerce, knowing that such transaction involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, bank fraud, in violation of Title 18, United States Code, Section 1344:

| Count | Date | Description |
|---|---|---|
| 17 | 04-23-20 | Defendant Fayne caused $368,000 in PPP loan proceeds to be wire transferred from United Community Bank account #1408, held in the name of Flame Trucking Inc., to UMB Bank, N.A. account #6105, held in the name of TransAm Trucking Exchange, to purchase eight Kenworth T-680 trucks for C.R. Wilkins Trucking, LLC. |
| 18 | 04-23-20 | Defendant Fayne caused $189,000 in PPP loan proceeds to be wire transferred from United Community Bank account #1408, held in the name of Flame Trucking Inc., to JPMorgan Chase Bank, NA account #2162, held in the name of Great Dane LLC, to purchase six refrigerated trailers for C.R. Wilkins Trucking, LLC. |
| 19 | 04-27-20 | Defendant Fayne withdrew $65,000 in cash from United Community Bank account #1408, held in the name of Flame Trucking Inc. |

All in violation of Title 18, United States Code, Section 1957 and Section 2.

## COUNT 20
### AGGRAVATED IDENTITY THEFT

22.    The facts alleged in paragraphs 2 through 5, including all subparts, are

incorporated here.

23.    From in or about October 2018 through in or about July 2019, in the Northern

District of Georgia and elsewhere, the Defendant,

**Maurice Fayne,** *a/k/a Arkansas Mo*,

aided and abetted by others known and unknown to the Grand Jury, knowingly

possessed and used, without lawful authority, the means of identification of

another person, namely the name and signature of D.P., during and in relation to a

felony violation of Title 18, United States Code, Section 1349, as alleged in Count

1 of this Indictment.

All in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

## FORFEITURE PROVISION

24.  Upon conviction of one or more of the offenses alleged in Counts 1 through 6 of

this Indictment, the Defendants,

**Maurice Fayne,** *a/k/a Arkansas Mo*,
**Daniel Eric Jay,**
**Michael D. Sargent, and**
**Mark T. Sargent,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section

982(a)(2), any property, real or personal, constituting or derived from proceeds

obtained, directly or indirectly, as a result of the violation, including, but not

limited to, the following:

(a)   Money Judgment:

- A sum of money in United States currency representing the amount of proceeds obtained as a result of each offense, or conspiracy to commit such offense, for which each Defendant is convicted.

(b)   Currency and Bank Funds:

- $79,482.00 in United States Currency seized on May 11, 2020.
- $319,113.11 in funds seized from United Community Bank account number XXXXXX1408 held in the name of Flame Trucking Inc.
- $169,650.90 in funds seized from Wells Fargo Bank account number XXXXXX0467 held in the name of C.W.
- $60,000.00 in funds seized from Sterling National Bank account number XXXXX5233 held in the name of Lucky Star Licensing.
- $29,477.91 in funds seized from United Community Bank account number XXXXXX2864 held in the name of K.L.
- $15,195.62 in funds seized from Navy Federal Credit Union account number XXXXXX1000 held in the name of Maurice Johnson Fayne.

- $14,169.57 in funds seized from Navy Federal Credit Union account number XXXXXX0090 held in the name of Maurice Fayne.

- $9,362.47 in funds seized from United Community Bank account number XXXXXX2299 held in the name of P.C.

(c)     Vehicles:

- $136,000.00 in funds used as a down payment on, and in lieu of, a 2019 Rolls-Royce Wraith, VIN SCA665C53KUX87297.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9X3FJ384332.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9XOFJ384367.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9X5FJ384364.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9X5FJ384350.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9X5FJ384347.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9X1FJ384362.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9XXFJ384358.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9XBFJ384343.

- 2015 Great Dane trailer, VIN 1GRAA062XFW703501.

- 2015 Great Dane trailer, VIN 1GRAA0620FW703748.

- 2015 Great Dane trailer, VIN 1GRAA0629FW703750.

- 2015 Great Dane trailer, VIN 1GRAA0626FW703754.

- 2015 Great Dane trailer, VIN 1GRAA0621FW703743.

- 2015 Great Dane trailer, VIN 1GRAA0621FW703760.

(d)     Personal Property:

- One custom-made 18 kt Rolex 41mm Presidential watch, serial number 5636S3S8, with diamonds, purchased on or about April 28, 2020 for $52,000.00.

- One 10 kt custom-made Cuban bracelet with 34.75 carats of diamonds, purchased on or about April 28, 2020 for $24,500.00.

- One 14 kt custom-made ring with 5.73 carats of diamonds, purchased on or about April 28, 2020 for $3,750.00.

25. Upon conviction of one or more of the offenses alleged in Counts 7 through 19 of this Indictment, the Defendant,

**Maurice Fayne,** *a/k/a Arkansas Mo,*

shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), all property real or personal, involved in such offenses and all property traceable to such offenses, including but not limited to the following:

(a)   Money Judgment:

- A sum of money in U.S. currency representing the value of the property involved in the offenses for which the Defendant is convicted.

(b)   Currency and Bank Funds:

- $79,482.00 in United States Currency seized on May 11, 2020.

- $319,113.11 in funds seized from United Community Bank account number XXXXXX1408 held in the name of Flame Trucking Inc.

- $169,650.90 in funds seized from Wells Fargo Bank account number XXXXXX0467 held in the name of C.W.

- $60,000.00 in funds seized from Sterling National Bank account number XXXXX5233 held in the name of Lucky Star Licensing.

- $29,477.91 in funds seized from United Community Bank account number XXXXXX2864 held in the name of K.L.

- $15,195.62 in funds seized from Navy Federal Credit Union account number XXXXXX1000 held in the name of Maurice Johnson Fayne.

- $14,169.57 in funds seized from Navy Federal Credit Union account number XXXXXX0090 held in the name of Maurice Fayne.

- $9,362.47 in funds seized from United Community Bank account number XXXXXX2299 held in the name of P.C.

(c)     Vehicles:

- $136,000.00 in funds used as a down payment on, and in lieu of, a 2019 Rolls-Royce Wraith, VIN SCA665C53KUX87297.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9X3FJ384332.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9XOFJ384367.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9X5FJ384364.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9X5FJ384350.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9X5FJ384347.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9X1FJ384362.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9XXFJ384358.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9XBFJ384343.

- 2015 Great Dane trailer, VIN 1GRAA062XFW703501.

- 2015 Great Dane trailer, VIN 1GRAA0620FW703748.

- 2015 Great Dane trailer, VIN 1GRAA0629FW703750.

- 2015 Great Dane trailer, VIN 1GRAA0626FW703754.

- 2015 Great Dane trailer, VIN 1GRAA0621FW703743.

- 2015 Great Dane trailer, VIN 1GRAA0621FW703760.

(d)     Personal Property:

- One custom-made 18 kt Rolex 41mm Presidential watch, serial number 5636S3S8, with diamonds, purchased on or about April 28, 2020 for $52,000.00.

- One 10 kt custom-made Cuban bracelet with 34.75 carats of diamonds, purchased on or about April 28, 2020 for $24,500.00.

- One 14 kt custom-made ring with 5.73 carats of diamonds, purchased on or about April 28, 2020 for $3,750.00.

26.     If, as a result of any act or omission of the Defendant(s), any property subject to

forfeiture, (a) cannot be located upon the exercise of due diligence; (b) has been

transferred or sold to, or deposited with, a third person; (c) has been placed beyond

the jurisdiction of the Court; (d) has been substantially diminished in value; or (e)

has been commingled with other property which cannot be subdivided without

difficulty, the United States intends, pursuant to Title 21, United States Code,

Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to

seek forfeiture of any other property of the Defendant(s) up to the value of the

forfeitable property described above.

A _____ BILL

FOREPERSON

BYUNG J. PAK
UNITED STATES ATTORNEY

*John Russell Phillips*
JOHN RUSSELL PHILLIPS
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 576335

*Bernita B. Malloy*
BERNITA B. MALLOY
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 718905

*Michael J. Brown*
MICHAEL J. BROWN
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 064437

600 U.S. COURTHOUSE
75 TED TURNER DRIVE, SW
ATLANTA, GA 30303
(404) 581-6000